# Court of Appeals
# of the State of Georgia

ATLANTA,____August 15, 2016____

*The Court of Appeals hereby passes the following order:*

## A16A2202.  RREF II DB DRI, LLC et al. v. COMMERCE PLAZA OFFICE PARTNERS, LLC.

RREF II DB DRI, LLC filed this direct appeal from the trial court's order granting a 30-day temporary restraining order ("TRO") prohibiting it from "taking any adverse actions relating to the parties' rights" under a parking agreement.  An appeal from the grant of a TRO, however, must be taken by application for discretionary appeal.  OCGA § 5-6-35 (a) (9).  RREF II DB DRI, LLC's failure to follow the proper appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.[1]

Appellees have filed a "Motion to Dismiss Appellant's Direct Appeal."  Said motion is hereby dismissed as moot.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,____08/15/2016____*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ *, Clerk.*

---

[1] In its notice of appeal, RREF II DB DRI, LLC contends that the trial court's order is directly appealable because it imposes an interlocutory injunction as well as a TRO.  See OCGA § 5-6-34 (a) (4) (granting a right of direct appeal from all orders "granting or refusing applications . . . for interlocutory or final injunctions").  RREF II DB DRI, LLC cites a sentence in the court's order stating that RREF II DB DRI, LLC "would be well advised not to take any further unilateral purported actions relating to the Parking Agreement, before this case is adjudicated."  That language, however, does not actually enjoin RREF II DB DRI, LLC from doing anything.  Instead, it is merely advisory language that does not render the order directly appealable.